CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 24 2014

JULIA C. DUDLEY, CLERK
BY: /s/ *illegible*
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| CRYSTAL D. LEWIS, | )<br>) |
| Appellant, | ) Civil Action No. 3:14CV00010<br>) |
| v. | ) **MEMORANDUM OPINION**<br>) |
| CLYDE A. LONG, JR., | ) By: Hon. Glen E. Conrad<br>) Chief United States District Judge |
| Appellee. | ) |

In this appeal from the United States Bankruptcy Court for the Western District of Virginia, Crystal D. Lewis seeks review of the bankruptcy court's memorandum opinion and order granting Clyde A. Long, Jr.'s motion for judgment on partial findings and denying her action for determination of a debt as nondischargeable. For the reasons that follow, the bankruptcy court's decision will be affirmed.

## Background

This case, as the bankruptcy court emphasized in its memorandum opinion, originates from disturbing and troubling facts. Lewis and Long were involved sexually at various times in 1999 and 2000. During the course of their sexual relationship, Lewis was only 12 or 13 years old, and Long was 22 or 23 years old. They conceived a child, who was born in November of 2000.

On August 15, 2001, Long pled guilty to two counts of carnal knowledge of a child between thirteen and fifteen years of age, in violation of Virginia Code § 18.2-63. He was sentenced to a total term of imprisonment of ten years, with seven years suspended.

Thereafter, Lewis filed a civil suit against Long in the Circuit Court of Culpeper County, alleging intentional infliction of emotional distress, sexual assault and battery, and carnal

knowledge of a minor. Long did not make an appearance in the case until he appeared pro se at a default judgment hearing. The Circuit Court entered a default judgment on liability and set the matter for a jury trial to determine damages. Prior to trial, Long, proceeding pro se, and Lewis, through counsel, executed a promissory installment note with a confession of judgment in the amount of $1,254,000.00. That judgment is the underlying debt in the instant matter.

On January 10, 2013, Long filed a petition for Chapter 7 bankruptcy and listed the confessed judgment as a debt. Lewis then brought this adversary proceeding to contest the dischargeability of the judgment under 11 U.S.C. § 523(a)(6), which makes debts that arise from willful and malicious injuries nondischargeable in bankruptcy.

The parties appeared before the bankruptcy court for a bench trial on October 21, 2013. Lewis called Long as her only witness. On direct examination, Long admitted that he and Lewis conceived a child when he was 23 years old and Lewis was 13 years old. However, Long testified that it was not until "after the fact [that he] was told her age." Oct. 21, 2013 Trial Tr. 19. Long also admitted that he pled guilty to two counts of carnal knowledge of a minor in violation of Virginia Code § 18.2-3. When asked about the civil proceedings in state court, Long testified that he appeared in court on the day that the default judgment was entered against him. Although Long indicated that the state court "asked [him] some question[s]," the contents of those questions and Long's answers thereto were not elicited or otherwise presented by Lewis. Oct. 21, 2013 Trial Tr. 20. Long further testified that, after answering the state court's questions, the state court entered the default judgment because Long lacked any statutory basis to prevent entry of default. Id. at 21.

At the close of Lewis's evidence, Long made a "motion to strike." Id. at 23. The bankruptcy court construed the motion as a motion for judgment on partial findings under Rule

2

52(c) of the Federal Rules of Civil Procedure. See Fed. R. Bankr. P. 7052 ("Rule 52 [of the Federal Rules of Civil Procedure] applies in adversary proceedings."). The bankruptcy court took the motion under advisement and allowed Long to put on evidence in his defense.

On January 28, 2014, the bankruptcy court issued a memorandum opinion and order granting Long's Rule 52(c) motion. The bankruptcy court rejected Lewis's argument that the state court proceedings against Long are entitled to preclusive effect under the doctrine of collateral estoppel, and held that Lewis's evidence was insufficient to establish that Long's debt to her arose from a willful and malicious injury. Accordingly, the bankruptcy court ruled that the debt was not excepted from discharge under § 523(a)(6), and, thus, that Long was entitled to judgment in the adversary proceeding.

Lewis timely appealed the bankruptcy court's decision. The matter has been fully briefed and is ripe for review.[1]

## Standard of Review

This court has appellate jurisdiction over the matter pursuant to 28 U.S.C. § 158(a). On appeal, the court reviews the bankruptcy court's factual findings for clear error and its legal conclusions de novo. In re Kielisch, 258 F.3d 315, 319 (4th Cir. 2001).

## Discussion

### I.   Collateral Estoppel

Under 11 U.S.C. § 523(a)(6), a debt is not dischargeable in a Chapter 7 bankruptcy if it arises from a "willful and malicious injury by the debtor to another." In determining that Long's debt is not excepted from discharge under this section, the bankruptcy court first considered whether the state court judgments entered against Long support the application of collateral

---

[1] Neither side has requested oral argument and the court is of the opinion that it would not aid in the decisional process.

3

estoppel to the ultimate issue under § 523(a)(6). For the following reasons, the bankruptcy court correctly held that they do not.

As the bankruptcy court recognized in its opinion, "a state court judgment can collaterally estop the litigation of issues in adversary proceedings in federal bankruptcy court." In re Duncan, 448 F.3d 725, 728 (4th Cir. 2006). To determine whether a state court judgment has such a preclusive effect, the court must apply the law of collateral estoppel for the state that rendered the judgment, in this case, Virginia. Id.

Under Virginia law, a party invoking the doctrine of collateral estoppel bears the burden of establishing the following five elements: (1) that the parties to the two proceedings are "the same or in privity"; (2) that the prior proceeding "resulted in a valid and final judgment against the party against whom preclusion is sought or his privy"; (3) that the factual issue to be precluded was "actually litigated in the prior proceeding"; (4) that the factual issue to be precluded was "essential to the judgment in the prior proceeding"; and (5) that there was "mutuality, 'that is, a party is generally prevented from invoking the preclusive force of a judgment unless that party would have been bound had the prior litigation of the issue reached the opposite result.'" Id. (quoting TransDulles Center, Inc. v. Sharma, 472 S.E.2d 274, 275 (Va. 1996)). Additionally, "[a]n issue is subject to collateral estoppel only if it is <u>identical</u> to an issue decided in a prior proceeding." Id. (emphasis in original) (citing Angstadt v. Atlantic Mut. Ins. Co., 457 S.E.2d 86, 87-88 (Va. 1995); Sevachko v. Commonwealth, 529 S.E.2d 803, 804 (Va. 2000)).

### A. **The criminal judgment is not entitled to preclusive effect.**

To the extent Lewis argues that Long's criminal judgment should be given preclusive effect under the doctrine of collateral estoppel, such argument was properly rejected by the

4

bankruptcy court, since Lewis was not a party to the criminal proceeding. "The general rule in Virginia is that criminal judgments of conviction . . . have no preclusive effect in subsequent civil litigation." Lee v. Winston, 717 F.2d 888, 894 (4th Cir. 1983). This rule, "which has been followed in Virginia since 1916, is based upon Virginia's requirement of mutuality of estoppel and its recognition that the parties in a criminal proceeding are not the same as those in a civil proceeding and there is a consequent lack of mutuality." Id.

Moreover, Long's plea of guilty to carnal knowledge of a minor did not involve an identical issue to the controlling issue in this case. The controlling issue here is whether Long "intended to injure" Lewis. In re Duncan, 448 F.3d at 729. Under 11 U.S.C. § 523(a)(6), a debt is not dischargeable if it arises from a "willful and malicious injury by the debtor to another." In Kawaauhau v. Geiger, 523 U.S. 57 (1998), the Supreme Court of the United States held that § 523(a)(6) applies only to "acts done with the actual intent to cause injury." 523 U.S. at 61 (emphasis added). The provision is "not satisfied by negligent, grossly negligent or reckless conduct." In re Duncan, 448 F.3d at 729. "Moreover, the mere fact that a debtor engaged in an intentional act does not necessarily mean that he acted willfully and maliciously for purposes of § 523(a)(6)." Id. As the Supreme Court instructed in Geiger, nondischargeability requires "a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury." Geiger, 523 U.S. at 61 (emphasis in original).

A conviction for carnal knowledge of a minor, in violation of Virginia Code § 18.2-63, does not require proof of any specific intent, much less an intent to injure. See Va. Code § 18.2-63(a) (making it a felony to "carnally know[], without the use of force, a child thirteen years of age or older"). Therefore, Long's pleas of guilty to violating the statute did not involve an

5

identical issue to the controlling issue here, and have no preclusive effect under the doctrine of collateral estoppel.

### B. The default judgment is not entitled to preclusive effect.

The court likewise agrees with the bankruptcy court that the default judgment entered against Long in the state tort action is not entitled to preclusive effect. Although Lewis and Long were both parties to that action and the action resulted in a final judgment, the record is devoid of evidence sufficient to establish that the issue of willful and malicious injury was actually litigated in the state tort action, or that such issue is identical to one decided in that prior proceeding.

Lewis's state tort claims were resolved with the entry of a default judgment against Long. In Virginia, there is no "blanket exemption from the application of collateral estoppel in the case of a default judgment." TransDulles, 472 S.E.2d at 276. To determine whether an issue was actually litigated in the context of a default judgment, courts look to the proceedings leading up to the entry of the default judgment, as well as the judgment order itself. In re Bradley, 478 B.R. 796, 802 (Bankr. E.D. Va. 2012); see also In re Owens, 449 B.R. 239, 252 (Bankr. E.D. Va. 2011) (noting that bankruptcy courts "must look to the actions of the parties prior to entry of [a] default judgment" in determining whether to apply collateral estoppel).

In TransDulles, the seminal case in Virginia on this issue, a landlord filed suit against a tenant for possession of commercial property and for delinquent rent and fees. TransDulles, 472 S.E.2d at 275. The tenant failed to appear personally or by counsel at a dispositive hearing. Id. at 276. At that hearing, the state court entertained testimonial and documentary evidence from the landlord before entering a default judgment in the landlord's favor. Id. In later proceedings, the state court refused to apply the doctrine of collateral estoppel to the issue of the tenant's

6

liability for rent, "ruling that 'a default judgment does not actually litigate issues.'" Id. at 275. On appeal, the Supreme Court of Virginia declined to recognize a blanket exemption for default judgments and held that the evidence presented by the landlord in the default judgment proceeding was sufficient to establish that the issue of the tenant's liability for rent had been litigated despite the tenant's failure to appear. Id. at 276. In reaching this decision, the Supreme Court explained as follows:

> The tenant's personal liability for rent and other charges, including attorney's fees, under the lease actually was litigated in the prior action. Testimonial and documentary evidence was presented ex parte in the district court hearing. The circuit court record established that proof was presented in the district court through a bookkeeper for the landlord and through the landlord's attorney, who presented the lease and other documents including an affidavit supporting the attorney's fees claimed.

Id.

The following year, in In re Ansari, 113 F.3d 17 (4th Cir. 1997), the Fourth Circuit was presented with the issue of whether a default judgment entered by a Virginia state court was entitled to collateral estoppel effect in a subsequent bankruptcy proceeding. 113 F.3d at 18. Relying on the Supreme Court of Virginia's decision in TransDulles, the Fourth Circuit rejected the debtor's argument that collateral estoppel was not appropriate because the state court judgment had been based on default, and held that the evidence was sufficient to establish that the parties had actually litigated the determinative issue:

> Pahlavi initiated the state court proceedings a year and a half before the entry of default judgment. Prior to the default, multiple depositions were taken, many documents exchanged and the court and commissioner held numerous hearings in which Ansari [the debtor] appeared in person or by counsel. The principal focus of this effort was whether and to what extent Ansari, acting as Pahlavi's fiduciary, had defrauded Pahlavi or misappropriated funds from him. Only when it became clear that Ansari had refused to comply with discovery orders did the court broaden its inquiry into violations of its orders. In sum, there was much more evidence before the state court in this case than in TransDulles, and the parties

7

> here certainly engaged in more extensive and two-sided litigation of the relevant issues.

Id. at 20-21.

The Fourth Circuit subsequently reached the opposite conclusion in Capitol Hauling, Inc. v. Forbes, 75 F. App'x 170 (4th Cir. 2003), in which the plaintiff argued that a default judgment collaterally estopped the defendant from litigating whether a debt arose from fraud. 75 F. App'x at 171. In so doing, the Fourth Circuit emphasized that, unlike TransDulles, there was "nothing in the record establishing that 'testimonial and documentary evidence was presented' in the state court proceeding, or that 'proof was presented' of any kind as to whether [the defendant] committed fraud, or indeed that anything occurred at all at the state court trial other than the entry of a money judgment." Id. at 171 (quoting TransDulles, 472 S.E.2d at 276). Because "there was no evidence that the issue of fraud was actually litigated in the state court proceeding," the Fourth Circuit held that the bankruptcy court erred in applying the doctrine of collateral estoppel. Id. at 171-172.

Similarly, in In re Owens, the United States Bankruptcy Court for the Eastern District of Virginia held that the record before it was devoid of sufficient evidence surrounding the entry of a default judgment in a state tort action to conclude that the judgment had a preclusive effect in an adversary proceeding under 11 U.S.C. § 523(a)(6). 449 B.R. at 253. The only evidence of the proceedings in the state tort action were the plaintiff's motion for judgment and the court's default judgment order, which stated that "'the defendants having not answered the plaintiff's Motion for Judgment and being solemnly called came not . . . . And the evidence of the plaintiff being heard, the Court entered judgment for the plaintiff against the defendant in the amount of $100,000.'" Id. In the absence of any other evidence, the bankruptcy court was unable to determine whether "the issue of [the debtor's] alleged assault and battery was actually litigated to

8

[the] degree sufficient to meet the standard of proof required by § 523(a)(6)." Accordingly, the bankruptcy court declined to give the default judgment preclusive effect under the doctrine of collateral estoppel. Id.

Upon review of the record in the instant case, the court agrees with the bankruptcy court that this case, like In re Owens, is distinguishable from In re Ansari. The record before the court contains no evidence of Lewis and Long engaging in depositions, exchanging documents, conducting extensive pretrial hearings or activity, or of Long making any pretrial appearance in the state court action. The only evidence of the proceedings in state court is Lewis's complaint, the order entering default judgment, and the settlement note. Such evidence is insufficient to establish that the parties engaged in "extensive and two-sided litigation of the relevant issues." In re Ansari, 113 F.3d at 21.

This case, like Capital Hauling, is also readily distinguishable from TransDulles in that there is nothing in the record indicating that Lewis presented testimonial or documentary evidence to support her claims against Long. According to the default judgment order, the state court based its decision on the fact "that more than twenty-one days [had] elapsed since personal service of process upon [Long] and that [Long had] failed to file responsive pleadings or make an appearance in [the] action in a timely fashion, although [he] appeared in person [on the date of the entry of the default]." Dec. 27, 2004 Default J. Order 1. The order makes no reference to the presentation of evidence by Lewis – testimonial, documentary, or otherwise – to support her state tort claims.

While Long did appear pro se at the default judgment hearing and answered questions from the court, Lewis did not produce any evidence of that exchange, and the default judgment order is silent on this point. According to Long's undisputed testimony before the bankruptcy

9

court, the basis for the state court's ruling was that Long had no statutory ground to object to the entry of the default judgment. The state court's decision to enter the default judgment was based, therefore, not on any substantive findings as to the merits of Lewis's state tort claims, but on a procedural technicality that Long could not refute.

Given the limited evidence surrounding the default judgment, the court agrees with the bankruptcy court that Long's mere presence at the hearing is insufficient to establish that any substantive issues in the state court proceeding were actually litigated. The record of the state court proceedings is devoid of any evidence of litigation on the merits of Lewis's state tort claims or Long's participation prior to the entry of the default judgment. As such, it is impossible to determine which issues were litigated, if any, or what legal standards were employed. Accordingly, the bankruptcy court correctly declined to give the default judgment preclusive effect under the doctrine of collateral estoppel.[2]

---

[2] Lewis has cited a number of decisions from other jurisdictions in which civil judgments were given preclusive effect in subsequent bankruptcy proceedings pertaining to dischargeability under 11 U.S.C. § 523(a)(6). In each of those cases, unlike the instant case, the record contained more than adequate evidence to establish that the relevant factual issues were actually litigated for purposes of the doctrine of collateral estoppel. See In re Fleetwood, No. A12-00113-GS, 2013 WL 2178096 (Bankr. D. Alaska May 17, 2013) (holding that a civil judgment in favor of a minor on claims of sexual assault and battery was actually litigated where the debtor "participated in the trial, [at which the minor] testified, together with her mother, and counselor," and the state court found, based upon the evidence presented, that the debtor intentionally abused the minor a minimum of 30 times when she was between the ages of 4 and 7); In re Woolley, 288 B.R. 294, 299-30 (Bankr. S.D. Ga. 2001) (holding that a default judgment was entitled to preclusive effect where the debtor, who was found to have severely beaten and sexually abused his daughter over a period of ten years, "substantial[ly]" participated in the prior case, and elected not to appear at trial only after the state supreme court ruled the action was not barred by the parental immunity doctrine); In re Hoult, 243 B.R. 818, 823 (Bankr. M.D. Fla. 1999) (holding that a civil judgment entered against a debtor was entitled to preclusive effect where the prior case proceeded to trial, and the jury decided that the debtor raped his daughter); In re Schuster, 171 B.R. 807, 812 (Bankr. E.D. Mich. 1994) (holding that a default judgment was entitled to preclusive effect where, "prior to entering [the] judgment of default, the trial court held a bench trial [at which] the court received testimony and reviewed affidavits attesting to the course of events at the conclusion of the trial, and the court found the defendant/debtor's actions to be willful and wanton in his abuse of young Frantz").

## II. The Sufficiency of the Evidence Presented at Trial

Under Rule 4005 of the Federal Rules of Bankruptcy Procedure, the plaintiff bears the burden of proving that a debt is nondischargeable. "The standard of proof for the dischargeability exceptions in 11 U.S.C. § 523(a) is the ordinary preponderance-of-the-evidence standard." Grogan v. Garner, 498 U.S. 279, 291 (1991).

As previously explained, § 523(a)(6), on which Lewis's claim is based, provides that a debt is not dischargeable if it arises from a "willful and malicious injury by the debtor to another." 11 U.S.C. § 523(a)(6). "Section 523(a)(6) is not satisfied by negligent, grossly negligent, or reckless conduct," In re Duncan, 448 F.3d at 729, or by "merely . . . deliberate or intentional act[s] that lead[] to injury." Geiger, 523 U.S. at 61. Instead, the statute "applies only to 'acts done with <u>the actual intent to cause injury</u>." In re Duncan, 448 F.3d at 729 (quoting Geiger, 523 U.S. at 61) (emphasis in original).

Upon review of the evidence presented at trial, the court agrees with the bankruptcy court that Lewis failed to meet this "stringent requirement for a finding of nondischargeability." Id. Lewis did not testify on her own behalf or present any other evidence of an intent to injure. Instead, Lewis repeatedly argued that this requirement was met by Long's plea of guilty to carnal knowledge of a minor, and his "admi[ssion] that . . . Lewis was the victim of this felony." Oct. 21, 2013 Trial Tr. 30; see also id. at 78 ("We have admissions that he pled guilty to a felony."); Id. at 80 ("[H]e admitted Crystal D. Lewis was the victim of . . . two counts of carnal knowledge . . . ."). As explained above, however, carnal knowledge of a minor is a strict liability offense under Virginia law. Virginia Code § 18.2-63 does not require any specific intent or use of force, much less an intent to injure. Accordingly, the mere fact that Long admitted to violating the state statute, in and of itself, is insufficient to satisfy Lewis's burden of proving that Long

11

intended to injure her. To the extent Lewis asked the bankruptcy court to assume that Long acted with such intent, the bankruptcy court correctly declined to do so. See, e.g., United States v. Thornton, 554 F.3d 443, 448-49 (4th Cir. 2009) (noting, in a federal criminal case, that "the Virginia carnal knowledge offense, by definition, categorically does not involve the use of force and does not support an inference that any or all instances of the offense are violent and aggressive").

In the absence of any evidence that Long intended to injure Lewis, the court concludes that Lewis failed to meet her burden of proving that the debt owed to her by Long arose from a willful and malicious injury. Accordingly, the debt is not excepted from discharge under 11 U.S.C. § 523(a)(6), and the bankruptcy court did not err in granting Long's Rule 52(c) motion.[3]

## Conclusion

For the reasons stated, the court concludes that the bankruptcy court's decision must be affirmed. The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to all counsel of record.

ENTER: This 24th day of November, 2014.

_____
Chief United States District Judge

---

[3] As the bankruptcy court emphasized in its opinion, this decision is grounded in the lack of evidence presented by Lewis regarding the nature of the underlying debt. It should not be read to suggest that conduct committed in violation of Virginia Code § 18.2-63 can never be willful or malicious, or that debts stemming from such acts are automatically dischargeable. Courts must look to the evidence presented in a particular case to determine whether a plaintiff has met her burden of proof under § 523(a)(6). In the instant case, the facts presented by Lewis were simply insufficient to prove, by a preponderance of the evidence, that the debt at issue arose from a willful and malicious injury.